**FILED**
**APRIL 21, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHARLES R. WILEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0226 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## FOR FAILURE TO PAY FILING FEE OR, ALTERNATIVELY,
## FOR WANT OF PROSECUTION

Petitioner, a state prisoner confined in the Neal Unit in Potter County, Texas, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody, together with an additional 5 pages of attachments and 38 pages of exhibits.[1]  Petitioner did not submit with his habeas application any payment to satisfy the requisite filing fee, nor did he submit a Request to Proceed *In Forma Pauperis* and a certified *in forma pauperis* data sheet from the institution in which he is confined.  On February 20, 2009, this Court ordered petitioner to submit the request and data sheet, pay the filing fee, or submit proper documentation evidencing the authorization of the disbursement of the requisite funds for the fee.  Petitioner was warned that his failure to properly supplement or pay the filing fee would result in an immediate

---

[1] Petitioner originally filed his petition with the United States District Court for the Eastern District of Texas, Texarkana Division.. On August 13, 2008, the Texarkana court transferred the petition to this court.

recommendation for the dismissal of this case without further notice. On March 4, 2009, petitioner submitted an inmate trust fund balance sheet reflecting a $5 withdrawal to the "US Court Eastern Distric[t]." The docket sheet for petitioner's original case in the Eastern District, Texarkana Division, does not reflect receipt of the $5 filing fee. *See Wiley v. Director of TDCJ*, 5:08-CV-00142. Further, the Texarkana court has confirmed with the Amarillo Clerk's office that no filing fee was ever received for that case. As of this date, no fee or proper supplementation has been submitted to this Court. Petitioner has been given ample opportunity to pay the filing fee or submit a request to proceed *in forma pauperis* with a data sheet. Petitioner, however, has failed to follow the Court's direct order.

Other than identifying a disciplinary proceeding petitioner wishes to contest, petitioner's habeas application is incoherent and fails to clearly state the grounds on which petitioner contends his disciplinary proceeding was unconstitutional. Consequently, on March 5, 2009, petitioner was ordered to submit an amended form petition setting forth the grounds on which he contends his disciplinary proceeding was unlawful, and to support each ground by specific facts and a legal basis. This Court ordered petitioner to file his amended petition on or before March 20, 2009. Petitioner was warned that failure to timely comply with the Order would result in the entry of a recommendation to dismiss this case without further notice. As of this date, petitioner has not submitted an amended form petition. Petitioner has been given ample opportunity to follow the Court's direct order but has failed to do so.

Petitioner is in direct disregard of two (2) of the Court's Orders. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157

F.3d 1030, 1031 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Petitioner has neglected his case to the extent it warrants dismissal. It is the opinion of the undersigned that petitioner's habeas application should be dismissed for failure to pay the requisite filing fee in this case or, alternatively, for want of prosecution due to petitioner's failure to comply with this Court's Orders.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the habeas application filed by petitioner be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of April 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).